# Applicability of Executive Privilege to Deliberations Regarding Assertion of Privilege

Documents reflecting and constituting deliberative communications within the White House Counsel's Office and between that Office and the Department of Justice relating to advice and recommendations to the President on the assertion of executive privilege are themselves a proper subject of a claim of executive privilege.

September 11, 1996

LETTER OPINION FOR THE COUNSEL TO THE PRESIDENT

You have asked whether certain predecisional deliberative documents in the possession of the White House Counsel's Office may properly be the subject of an assertion of executive privilege.

These documents reflect and constitute deliberative communications within the White House Counsel's Office and between that Office and the Department of Justice relating to the advice and recommendations presented to the President earlier this year with respect to the assertion of executive privilege in response to a subpoena from the House Committee on Government Reform and Oversight. We believe that the deliberative process concerning the President's assertion of his constitutional privilege is at the heart of the interests protected by the privilege — not only because of the heightened confidentiality interests regarding such deliberations, but also because of the severe separation of powers concerns raised by a congressional intrusion on that process.

Based on our review of these documents, we conclude that they are clearly protected by executive privilege and may properly be the subject of an executive privilege claim. The Supreme Court has expressly (and unanimously) recognized that the Constitution gives the President the power to protect the confidentiality of White House deliberations. This power is rooted in the "need for protection of communications between high Government officials and those who advise and assist them in the performance of their manifold duties." *United States v. Nixon*, 418 U.S. 683, 705 (1974). "A President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately." *Id.* at 708. The Court has also stressed the separation of powers nature of executive privilege, stating that "[t]he privilege is fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution." *Id.*

You have not inquired concerning whether executive privilege could properly be asserted in the context of any specific congressional demand for these documents.

CHRISTOPHER H. SCHROEDER
*Acting Assistant Attorney General*
*Office of Legal Counsel*